The Honorable THERESA L. FRICKE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MYRIAM ZAYAS,

Plaintiff,

v.

DEPARTMENT OF CHILDREN YOUTH & FAMILIES; KELSEY OWENS; JULIE DECAMP,

Defendants.

NO. 2:20-cv-00650 TLF

DEFENDANT JULIE DECAMP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

AND JURY DEMAND

Defendant, JULIE DECAMP ("Defendant"), by and through its attorneys, ROBERT W. FERGUSON, Attorney General, and BRENDAN LENIHAN and PETER KAY, Assistant Attorneys General, in answer to Plaintiff's Second Amended Complaint ("Complaint"), filed June 10, 2020 [dkt. 26], admit, deny, and allege as follows:

**JURISDICTION**

1. Paragraph 1 of the Complaint contain allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same.
2. The first sentence of Paragraph 2 of the Complaint contain allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same. Defendant admits that the Department of Children, Youth and Families ("DCYF") has



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

office locations in King County, Washington. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore, denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations paragraph 3, and therefore, denies the same.

**PARTIES**

1. Defendant admits that Plaintiff has a child with the initials ACZ who is currently in an ongoing dependency case in King County Superior Court, Juvenile Division. Plaintiff relinquished her parental rights to another child with the initials CZ, and that child was voluntarily adopted at birth. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph 1, and therefore, denies the same.
2. Defendant admits that Child Protective Services is a state agency within DCYF.
3. Defendant denies that Defendant is a Child Protective Services Supervisor and denies that she is a resident of King County. Defendant is a Child and Family Welfare Supervisor. The last sentence of paragraph 4 of the Complaint contain allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same.
4. Defendant admits that Kelsey Owens is employed with Defendant as a social services specialist. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and therefore, denies the same.

**JURY DEMAND**

5. Paragraph 5 of the Complaint contain allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same.
6. Paragraph 6 of the Complaint contain allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**FACTS**

1. Defendant admits that Plaintiff lives in Kent, Washington. Defendant admits that Plaintiff has a child with the initials ACZ who is currently in an ongoing dependency case in King County Superior Court, Juvenile Division. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore, denies the same.
2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore, denies the same.
3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore, denies the same.
4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore, denies the same.
5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore, denies the same. Defendant had no involvement with Plaintiff or her dependency case until the case transfer staffing on March 25, 2020.
6. Defendant denies taking advantage of Plaintiff or treating her unfairly. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and therefore, denies the same.
7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore, denies the same.
8. Defendant admits that Plaintiff tested positive for amphetamines and methamphetamines on March 5, 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and therefore, denies the same.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore, denies the same.

10. Defendant denies any allegations in Paragraph 10 that are directed at her. Defendant had no involvement with Plaintiff or her dependency case until the case transfer staffing on March 25, 2020. Paragraph 10 of the Complaint also contains allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore, denies the same.

11. Defendant admits that Plaintiff tested positive for amphetamines and methamphetamines on March 5, 2020. Defendant denies the remaining allegations in paragraph 11 of Plaintiff's Complaint.

    a. Defendant denies the allegations in paragraph 11a of Plaintiff's Complaint.

    b. Defendant denies the allegations in paragraph 11b of Plaintiff's Complaint.

    c. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11c, and therefore, denies the same.

    d. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11d, and therefore, denies the same.

12. The first two sentences of this paragraph are allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's doctor, and therefore denies the same. Defendant denies the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in the last sentence of paragraph 13 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore, denies the same.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint that are directed toward Defendant. Defendant had no involvement with Plaintiff or her dependency case until the case transfer staffing on March 25, 2020. Defendant is also aware that DCYF paid for a phone for Plaintiff to use for virtual visits with ACZ. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore, denies the same.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies any allegations in paragraph 17 of Plaintiff's Complaint that are directed at Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore, denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore, denies the same.

19. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint that are directed at Defendant. Defendant admits that ACZ was placed with licensed foster parents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore, denies the same.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint that are directed at Defendant. Paragraph 20 of the Complaint also contains allegations or contentions of law, requiring no response. To the extent a response is required, Defendant denies the same. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore, denies the same.

///

///

///



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**COUNTS**

a) Defendant denies the allegations against Defendant in Paragraph a) Count 1.

b) The allegations in Paragraph b) Count 2 are not directed at Defendant. To an extent an answer is required, Defendant denies the same.

c) Defendant denies the allegations against Defendant in Paragraph c) Count 3.

d) The allegations in Paragraph b) Count 2 do not appear to be directed at Defendant. To an extent an answer is required, Defendant denies the same.

e) Defendant denies the allegations against Defendant in Paragraph e) Count 5 [erroneously labeled "Count 6"].

**INJURY**

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.
22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.
23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.
24. Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.
25. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.
26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.
27. Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

**RELIEF**

1. Defendant denies that Plaintiff is entitled to any judgment or to the relief she seeks within the Complaint.
2. Defendant denies that Plaintiff is entitled to any judgment or to the relief she seeks within the Complaint.
3. Defendant denies that Plaintiff is entitled to any judgment or to the relief she seeks within the Complaint.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

4. Defendant denies that Plaintiff is entitled to any judgment or to the relief she seeks within the Complaint.

5. Defendant denies that Plaintiff is entitled to any judgment or to the relief she seeks within the Complaint.

6. Defendant denies that Plaintiff is entitled to any judgment or to the relief she seeks within the Complaint.

7. Defendant denies that Plaintiff is entitled to any judgment or to the relief she seeks within the Complaint.

**EXPRESS DENIAL**

Defendant denies each and every allegation in the Complaint that is not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Having fully answered Plaintiff's Complaint, Defendant asserts the following affirmative defenses:

1. That Defendant State of Washington, its agencies and agents, including the Department of Children Youth and Families, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.

2. That the Defendant is immune from suit for the matters charged in Plaintiff's Complaint.

3. A state official acting in his or her official capacity is not a "person" under 42 U.S.C. § 1983 and cannot be held liable solely on the basis of supervisory responsibility or position.

4. That the Plaintiff has failed to state a claim upon which relief may be granted.

5. That Plaintiff's action against this Defendant is barred by the doctrine of res judicata and/or collateral estoppel.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

6. That Plaintiff is party to an ongoing action in State court with respect the issues raised in this Complaint. Accordingly, this action should be dismissed pursuant to the *Younger* abstention doctrine.

7. That Defendant at all times acted in good faith in the performance of its duties and is therefore immune from suit for the matters charged in Plaintiff's complaint.

8. That the claims against the Defendant are barred by the doctrine(s) of absolute (quasi-judicial and/or quasi-prosecutorial) immunity.

9. That the claims alleged under 42 U.S.C. § 1983 against the state employees are barred by the doctrine of qualified immunity.

10. That all actions of the Defendant, herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

11. That if the Plaintiff suffered any damages, recovery therefor is barred by Plaintiff's failure to mitigate said damages.

12. That one or more of the Plaintiff's claims are barred by the statute of limitations.

13. That the summons and complaint were never properly served upon Defendant and/or that the process of service was insufficient.

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer to the Complaint to allege additional affirmative defenses, cross and/or counter-claims and third-party claims as may be warranted after additional investigation and that may become known during the course of discovery.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any judgment or relief she seeks within the Complaint. Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff takes nothing and Defendant be allowed costs and reasonable attorney fees herein.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**DEFENDANT'S JURY DEMAND**

In the event this case proceeds to trial, Defendant demands that this case be tried to a jury.

DATED this 21st day of July, 2020.

ROBERT W. FERGUSON
Attorney General

/s/ *Brendan Lenihan*
BRENDAN LENIHAN, WSB NO. 56066
PETER KAY, WSB No. 24331
Assistant Attorneys General
Attorneys for Defendants
PO Box 40126
Olympia, WA 98504-0126
Brendan.Lenihan@atg.wa.gov
Peter.Kay@atg.wa.gov
(360)586-6419

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21st, 2020, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Electronic Service to:
MYRIAM ZAYAS
Email: Amiya.angel@gmail.com
marandjazzmom@live.com

/s/ *Brendan Lenihan*
BRENDAN LENIHAN, WSB NO. 56066
Assistant Attorney General



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300